# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-40536
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Danny O'Neill Dobbs,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-408-1

Before Wiener, Southwick, and Duncan, *Circuit Judges*.
Per Curiam:*

Defendant-Appellant Danny O'Neill Dobbs, federal prisoner # 84078-479, is serving a 30-month term of imprisonment for importing Oxycodone into the United States. He appeals the district court's denial of his second motion for a reduction of sentence pursuant to 18 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40536

§ 3582(c)(1)(A).  Dobbs argues that he should be released because COVID-19 is spreading at the facility where he is incarcerated, and his age (53) and health conditions put him at an increased risk of serious illness or death if he were to contract the virus.

The district court noted that Dobbs's arguments mirrored those in his first motion for compassionate release, the denial of which it had vacated because of a potential jurisdictional issue.  It denied Dobbs's second motion for the same reasons that it had denied his first motion.  We review the district court's decision for abuse of discretion.  *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Dobbs contends that the district court failed to consider all of his contentions and misunderstood its authority to reduce his sentence to time served and satisfies supervised release with an order of home confinement. The district court's discussion of the facts specific to Dobbs's case and its reasons for denying release, however, demonstrate that it considered Dobbs's arguments and had "a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007). Having determined that a sentence reduction was not warranted, the sentencing court had no reason to address whether home confinement would have satisfied supervised release.

Dobbs also claims that the district court misunderstood the breadth of its authority under § 3582(c)(1)(A) to determine whether he had established extraordinary and compelling reasons that warranted release.  We need not resolve that issue; the district court also denied Dobbs release as unwarranted in light of the 18 U.S.C. § 3553(a) factors.  Dobbs might disagree with the way that the district court balanced those factors, but his disagreement does not provide a sufficient ground for reversal.  *See Chambliss*, 948 F.3d at 694.

The judgment of the district court is AFFIRMED.